IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| AUSTIN D. MARTIN, | Civil No. 24-00294 MWJS-WRP |
| Petitioner-Defendant, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| STATE OF HAWAIʻI, *et al.*, | |
| Respondents-Plaintiffs. | |

## **ORDER DENYING MOTION FOR RECONSIDERATION**

Austin D. Martin, proceeding pro se, removed his state court criminal prosecution for driving without insurance from the State of Hawaiʻi District Court of the Third Circuit to this Court.  ECF No. 1.  In an order dated July 24, 2024, this Court concluded that Martin's notice of removal was untimely, and, in any case, that the Court lacked jurisdiction over Martin's state prosecution.  ECF No. 11. Accordingly, the Court summarily remanded the case back to state court.  *Id.* Martin now moves for reconsideration of the remand order.  ECF No. 13.

Because Martin has not identified any basis for reconsideration, the Court DENIES the motion.  The Court assumes the reader's familiarity with the underlying facts and background of this matter, as well as with the remand order.

**<u>DISCUSSION</u>**

"Motions for reconsideration are disfavored."  Local Rule 60.1.  Such a motion may be granted "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief."  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 60(b).  Martin's motion does not satisfy the high standard for reconsideration.

1.  Martin contends, for the first time, that his notice of removal was not untimely because he established good cause for an extension under 28 U.S.C. § 1455(b)(1).  Under that statute, a notice of removal of a criminal prosecution must "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."  *Id.*  Martin says that it "should be apparent from the record" that the circumstances of this case would not have "permitted an earlier removal without risking a lack of removability for other reasons."  ECF No. 14, at PageID.148.  But Martin offers no elaboration on this conclusory statement.  And the basis for his assertion is not otherwise apparent.  This is not enough to

2

establish good cause for an extension, let alone establish that the Court should reconsider its earlier order.

As a separate argument, Martin says he should have been given an extension because he is pro se, and enforcing the time limit would deny him access to removal. *Id.* The Court acknowledges Martin's pro se status, but that alone does not suffice as good cause under the circumstances here. And in any case, the Court provided an alternative basis for remand in its order: even if Martin's notice of removal had been timely, the Court lacked jurisdiction over his state criminal case.

2. Martin also challenges the Court's jurisdictional assessment. He contends that the remand order interpreted the jurisdictional bounds of 28 U.S.C. § 1443(1) too narrowly. At bottom, Martin appears to believe that removal is required because he would not be able to obtain a fair trial in state court. But removal under § 1443(1) is not as freely granted as Martin suggests. To support a § 1443(1) removal, it is not enough to allege that a defendant "is unable to obtain a fair trial in a particular state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Rather, as explained in the remand order, a petitioner must satisfy a specific two part-test. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). A petitioner must assert (1) "as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state courts will not enforce that right, and that allegation must be

supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Martin acknowledges that this test is not satisfied here.  He concedes that the claims asserted in his notice of removal "are not consistent with those outlined in the two-part test" identified in the remand order.  ECF No. 13, at PageID.143.  Because Martin has admittedly not satisfied the applicable jurisdictional test, the Court does not have jurisdiction over his state criminal case under § 1443(1).

Martin suggests, however, that there is "evidence of a secret trial" that he believes would "satisfy[] even the strictest interpretation" of the test's second prong.  ECF No. 13, at PageID.144.  But Martin still identifies no right given to him by a statute protecting equal racial civil rights, nor does he identify a state statute or constitutional provision purporting to command the state courts to ignore that right.  *See Patel*, 446 F.3d at 999.  Because his assertion about "evidence of a secret trial" still does not provide a jurisdictional basis for removal, it is not grounds for reconsideration.

Next, Martin asserts that the Court was required to hold an evidentiary hearing to determine the truth of his allegations before remanding his case.  ECF No. 14, at PageID.148-49.  That is not correct.  The controlling statute requires this Court to summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  28

U.S.C. § 1455(4).  Only if the appropriateness of remand is unclear from the face of the notice of removal may the Court hold an evidentiary hearing on the matter. *Id.* § 1455(5).  Where, as here, the notice of removal is clearly deficient, the Court properly remands the case without a hearing.

Martin further argues that "[r]emoval statutes should be construed generously to protect federal rights."  ECF No. 13, at PageID.145.  But as the Court noted in its remand order, the Ninth Circuit has taken the opposite view:  it has instructed that removal statutes are to be "strictly construed, and a defendant seeking removal has the burden to establish that removal is proper."  *Hawaiʻi ex rel. Louie v. HSBC Bank Nev.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (internal quotation marks omitted).  "[A]ny doubt is resolved against removability."  *Id.*

The Court did liberally construe Martin's *notice* of removal; that is because courts "have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  But the Court has no power to construe a *statute* more broadly merely because a party seeking relief under the statute is proceeding pro se.  And it was clear from the face of Martin's notice that the Court does not have jurisdiction under § 1443(1).[1]  Remand was therefore required.

---

[1]      To the extent that Martin invokes subsection (2) of § 1443, *see* ECF No. 13, at PageID.143-44 (mentioning the "color of authority" prong), that subsection also

*       *       *

As a final matter, the Court notes that many of the citations and quotes in Martin's submissions appear to be fictitious. *See, e.g.*, ECF No. 13, at PageID.145 (providing the citation of *Crenshaw v. City of Defuniak Springs*, 891 F.3d 1338 (11th Cir. 2018)); ECF No. 14, at PageID.149 (quoting *Morford v. United States*, 339 U.S. 258, 260 (1950), for the proposition that "[w]here a defendant is able to establish that an impartial judge is unavailable . . . any later proceedings in state court would fail to afford the petitioner the equal protection of the laws); *id.* at PageID.157 (quoting *Holley v. Lavine*, 553 F.2d 845 (2d Cir. 1977), for the proposition that the time limit for removal should be construed liberally to prevent it from becoming a "trap for the unwary"); *id.* (providing the citation of *Huffman v. Bright*, 636 F. Supp. 133 (D. Colo. 1986)). None of these citations—not *Crenshaw*, *Morford*, *Holley*, or *Huffman*, to name but a few—is accurate, and the proffered quotations appear to be fictitious. It is possible that Martin used an artificial intelligence (AI) product to generate his briefs. If so, he is cautioned that he is required to confirm the accuracy of all case citations and quotes before submitting them. In addition, in future submissions in which he has made use of

---

does not provide a basis for removal of his state criminal case, for it "is available only to federal officers and to persons assisting such officers in the performance of their official duties." *Peacock*, 384 U.S. at 815. Martin does not suggest he is either of those.

AI, he must submit a declaration therewith that (1) discloses his reliance on AI and (2) verifies that he has confirmed that the materials generated are not fictitious. *See* United States District Court for the District of Hawai'i, General Order 23-1, In Re: Use of Unverified Sources (Nov. 14, 2023).

Because Martin's motion for reconsideration is denied, the Court does not take action on the matter at this time.  But Martin is cautioned that the future submission of fabricated materials—by a human author or AI—or the failure to disclose reliance on AI could result in sanctions.  *See id.*; Fed. R. Civ. P. 11.

### <u>CONCLUSION</u>

Because Martin has identified no grounds for reconsideration of the Court's remand order, his motion for reconsideration, ECF No. 13, is DENIED.

IT IS SO ORDERED.

DATED:  August 20, 2024, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 22-00294 MWJS-WRP; *Austin D. Martin v. State of Hawai'i,* et al.;
ORDER DENYING  MOTION FOR RECONSIDERATION